# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DARRELL MICHAEL ELZY,**         )
                                  )
        **Plaintiff,**         )
                                  )
v.                                )
                              )    Case No. 11-1133-CM
**NORMAN D. WILLIAMS, et al.,**   )
                                  )
        **Defendants.**        )
_____)

## MEMORANDUM AND ORDER

This 2011 civil rights action comes before the court with a lengthy history but little progress. The case is presently before the court on Defendants' Motion to Dismiss (Doc. 17), to which plaintiff filed no response. When plaintiff failed to respond, the court entered an order to show cause why the motion should not be granted as uncontested. Plaintiff timely replied to the court's order, but asked for more time to oppose defendants' motion. In deciding whether to grant additional time, the court reviews the history of the case, outlined in the chart below:

| Date | Events |
| --- | --- |
| May 16, 2011 | Plaintiff filed his complaint against multiple employees of the City of Wichita Police Department, alleging violations of 42 U.S.C. § 14141, 18 U.S.C. § 241, 18 U.S.C. § 242, and the Fourth Amendment. |
| December 14, 2011 | The court issued an order to show cause why the action should not be dismissed for failure to timely effect service. |
| January 27, 2012 | Plaintiff responded that he was currently deployed overseas in the military and requested a stay of the case. |
| February 2, 2012 | The court stayed the case until November 30, 2012. |
| December 26, 2012 | Plaintiff requested continuance of the case while he attempted to find counsel. |
| January 10, 2013 | The court granted plaintiff's motion to continue, giving plaintiff until April 1, 2013, to locate counsel and effect service. The court warned plaintiff that "[i]f no action is taken by that date the Court will issue an Order to Show Cause why the matter should not be dismissed." |
| April 8, 2013 | When plaintiff failed to serve defendants by April 1, the court issued another order to show cause why the case should not be dismissed by |

| | |
|---|---|
| | May 10, 2013. |
| May 10, 2013 | Plaintiff responded that he had again been deployed overseas and asked for a continuance. |
| May 16, 2013 | The court gave plaintiff "one more chance" to serve defendants by July 1, 2013, and remarked that it "[did] not intend, however, to extend the time again." (Doc. 13 at 1.) |
| July 1, 2013 | Plaintiff's most recent deadline to effect service passed, but plaintiff did not file a return of service of summons. |
| July 19, 2013 | Defendants filed a motion to dismiss. (Doc. 17.) |
| July 30, 2013 | Plaintiff apparently proceeded to travel on his next deployment. (Doc. 21 at 1.) |
| August 9, 2013 | Plaintiff's response to defendants' motion to dismiss was due, but plaintiff did not respond. |
| August 26, 2013 | The court directed plaintiff to (1) show cause in writing why he failed to timely file a response to defendants' motion, and (2) file a response to defendants' motion on or before September 3, 2013. The court explained that if plaintiff failed to "fully comply with this order," the court would "most likely" grant defendant's motion to dismiss. (Doc. 19 at 2.) |
| September 3, 2013 | Plaintiff responded to the court's order to show cause. He did not file a separate response to defendants' motion to dismiss. |

**I. Should the court consider defendants' motion to dismiss without the benefit of a response by plaintiff?**

Under D. Kan. Rule 6.1(d), plaintiff had twenty-one days to respond to defendant's motion to dismiss. Plaintiff did not timely respond or request additional time. Despite this, the court may, for good cause, extend the time to respond. Fed. R. Civ. P. 6. After receiving the court's order to show cause, plaintiff gave the following explanation for his lack of response to the motion:

> I Darrell Michael Elzy humbly submit this Request for Continuance as the [plaintiff] in the case of Elzy v. Williams et al named above case. I am currently deployed overseas in Jordan and due to the nature of the environment here I am unable to respond to the [defendants'] Motion to Dismiss for Failure to State a Claim request in a timely manner. I pray for relief and request[] under the Servicemembers Civil Relief Act . . . that I [be] given an extension due to the nature of the world events and not having the means to properly respond. I have attached a copy of my orders which states that I am suppose[d] to be here on a special mission for up to 124 days. After which I will be returning to Tampa, Florida to continue serving on active duty as a mobilized reservist with the Marine Corps Central Command (MARCENT) . . . .

(Doc. 22 at 1.)

Considered out of context, plaintiff's response might appear to show good cause for an extension. But the court cannot fully evaluate plaintiff's response without also reviewing the history of the case. The court previously entered two other orders to show cause in this case. In response to the first order, plaintiff offered the following:

> I am currently deployed overseas in the military (enclosure 2). I requested that my mail be forwarded to me while deployed in April 2011 (Enclosure 3). The USPS did not honor my request by forwarding the mail (enclosure 4). Therefore, since the package was not forwarded in May 2011 and I had no way of obtaining the package within the allot[ted] time frame through no fault of my own, I respectfully request that my case be continued without prejudice and be extended until I am off of military orders and/or able to find an attorney to represent me.

(Doc. 6 at 1.) Responding to the second order to show cause on May 10, 2013, plaintiff wrote:

> I would like to continue my case and I am working to move forward. I was deployed to Bahrain from the period of 9 April-25 April 2013 in support of CENTCOM exercise. I am still in the process of attempting to find legal representation in the State of Kansas. . . . I did contact a process server, but the paper work that I have on file is dated May 2011. I was informed by the process server to obtain updated summons paperwork in order to have the [defendants] served.

(Doc. 12 at 1.)

Plaintiff's military service is commendable and appreciated. The court is hesitant to effectively penalize plaintiff for failing to actively participate when his reasons are at least partly service-related. But plaintiff's service no longer appears to be the sole reason for plaintiff's dilatory actions. In both March/April 2013 and July 2013, plaintiff had time to make the court aware of his situation before his deadline to respond passed. This time, had plaintiff sought relief from his response deadline **before** being ordered to respond by the court, the court might have been more willing to grant him additional time to respond. But plaintiff once again waited for prompting from the court to explain why he missed yet another deadline. Each time the court has specifically ordered plaintiff to respond by a date certain, plaintiff has complied with the deadline. But only once has he filed a request for additional time without prompting by the court. (*See* Doc. 9.) And that one time, it was nearly a month after the

-3-

case's stay had been lifted. Plaintiff's actions show that he has been capable of responding when pressed, but that he has little sense of urgency without a warning that his case might be dismissed. This demonstrates a lack of interest in prosecution. Plaintiff elected to file this case, and in so doing, undertook the obligation to actively participate in a timely manner. Repeatedly, he has not. The court finds that he has not shown good cause for extending the time to respond to defendants' motion to dismiss.

The court reaches this decision notwithstanding the Servicemembers Civil Relief Act ("SCRA"). Plaintiff again relies on the SCRA. The SCRA strives to allow servicemembers to "devote their entire energy to the defense needs of the nation, free from the concerns and burdens of civil litigation." *Hamner v. BMY Combat Sys.*, 869 F. Supp. 888, 891 (D. Kan. 1994). The purpose of the Act is to help servicemembers whose ability to litigate is "materially affected by reason of military service." *Garramone v. Romo*, 94 F.3d 1446, 1451 (10th Cir. 1996). The SCRA requires the court to stay the action when a party files an application accompanied by both (1) a letter explaining how the current military duty materially affects the servicemember's ability to appear and (2) a letter or communication from the servicemember's commanding officer verifying the servicemember cannot appear. 50 App. U.S.C. § 522. If these conditions are met, the court must stay an action for a period of at least ninety days. *Id.*

Along with his response to the court's show cause order, plaintiff attached a Request and Authorization for TDY Travel of DOD Personnel. That document shows a "Proceed Date" of July 30, 2013. Assuming this is the date plaintiff was scheduled to proceed on his mission, plaintiff remained at home for a full ten days after defendants filed their motion. And he was home before his deadline to effect service passed and for a month after. Yet plaintiff did not move for a stay after receiving defendants' motion to dismiss or before again failing to timely effect service. Moreover, plaintiff did

not attach communication from a commanding officer. And while plaintiff claims that he cannot respond "due to the nature of world events," the court believes that plaintiff's actions show otherwise. When warned that dismissal was possible, he responded quickly, indicating that his ability to litigate is not materially affected by his service. The timeliness of his response from abroad demonstrates his ability to file necessary documents. To the extent that plaintiff is again asking for a stay of proceedings, he has not complied with the requirements of the SCRA, and relief is not warranted.

Despite multiple chances, plaintiff has not actively participated in this case. His delays have affected defendants—who have filed their documents timely—by forcing them to use their resources to defend litigation that is not moving. The delays have further interfered with the judicial process, as the court has had to continually monitor this case and repeatedly remind plaintiff of his obligations to pursue his claims. If the court grants yet another extension requested post-deadline and without proper support, it will weaken the court's previous warnings and undermine the credibility of the judicial system.

For all of the above reasons, the court finds plaintiff did not show good cause. The court will consider the merits of defendants' motion to dismiss, but without the benefit of a response by plaintiff.

## II. Should plaintiff's case be dismissed?

The court next turns to whether dismissal of plaintiff's case is warranted. The court fully considers the merits of defendants' motion, even without a response by plaintiff. *See generally Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). For the following reasons, the court grants defendants' motion to dismiss.

### a. Failure to State a Claim

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible—not merely conceivable. *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Ellis v. Isoray Med., Inc.*, No. 08-2101-CM, 2008 WL 3915097, at *1 (D. Kan. Aug. 22, 2008) (citation omitted).

> Plaintiff's complaint asserts the following:
>
> Defendant Williams allowed his department to engage in a pattern and practice of unlawful stops, searches, and arrest by acting under the color of the law. Defendant Snyder engaged in a pattern and practice of violating my 4th [A]mendment rights, conspired against my rights to be free from an unlawful stop, search, and seizure, and deprived me of my rights by acting under the color [of[ the law. Defendant Sigman [c]onspired against my rights to be free from an unlawful stop, search, and seizure, and deprived me of my rights by acting under the color [of] the law. Defendant Speer deprived me of my rights by acting under the color [of] the law. Defendant Chrisman engaged in a pattern and practice of violating my 4th [A]mendment rights, conspired against my rights to be free from an unlawful stop, search, and seizure, and deprived me of my rights by acting under the color [of] the law.

(Doc. 1 at 3–4.) Plaintiff's claim consists of conclusory statements—not factual allegations. He does not provide any dates or information about the actions he claims defendants took. Instead, plaintiff merely provides legal conclusions. For example, plaintiff alleges that one defendant "engaged in a pattern and practice of violating [his] 4th [A]mendment rights, conspired against [his] rights to be free from an unlawful stop, search, and seizure, and deprived [him] of [his] rights by acting under the color

[sic] the law." (*Id.*) This statement is wholly lacking in factual basis. As shown above, plaintiff lists out similar allegations for the remaining defendants. These allegations are insufficient to "state a claim for relief that is plausible on its face." For this reason, the court dismisses plaintiff's complaint. Alternatively and additionally, the court dismisses portions of plaintiff's complaint for the reasons stated below.

### b. Validity of 42 U.S.C. § 14141 Action

Plaintiff alleges that defendants violated 42 U.S.C. §14141. This statute prohibits government authority from engaging in patterns or practices that deprive people of constitutional rights. 42 U.S.C. § 14141. The statute does not, however, provide a private right of action. *Mendia v. City of Wellington*, No. 10-1132-MLB, 2010 WL 4513408, at *5 (D. Kan. Nov. 2, 2010), *aff'd*, 432 F. App'x 796 (10th Cir. 2011). Plaintiff's § 14141 action is therefore dismissed.

### c. Failure to Timely Effect Service

An additional basis for dismissal is plaintiff's failure to serve defendants with process. Rule 12(b)(5) governs motions to dismiss for insufficient service of process. *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008). Plaintiff bears the burden to make a prima facie case that he has properly served defendants. *Id.* In this case, despite being granted multiple extensions of time to effect service, plaintiff still has not provided evidence that he has properly served defendants.

A plaintiff has 120 days to serve a defendant. If a defendant is not served within 120 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4.

Here, plaintiff did not serve defendants within 120 days after filing his complaint. The court then granted two extensions. The court granted plaintiff an extension from January 2012 to November 2012 and plaintiff did not serve defendants. Plaintiff's explanation of good cause was his deployment, as well as the U.S. Postal Service's failure to forward plaintiff's mail to his overseas address. The court granted a second extension from May 16, 2013 to July 1, 2013 for plaintiff to serve defendants. But plaintiff did not serve defendants. In August 2013, the court issued a third order to show cause, this time ordering plaintiff to explain why he did not timely file a response to defendants' motion to dismiss. Again, plaintiff explained his good cause was his deployment. The court has granted extensions spanning well over a year, which is an appropriate time period given the circumstances. During this time, plaintiff has not served defendants. Dismissal is therefore appropriate on this basis.

### d. Application of the SCRA

As noted in the discussion above relating to plaintiff's most recent request for an extension of time, plaintiff did not meet the requirements for a stay under the SCRA. *See generally* 50 App. U.S.C. § 522. Plaintiff attached his own letter explaining the circumstances of his deployment, but he did not offer any communication from a commanding officer stating that plaintiff's current military duty prevented his appearance and that military leave was not authorized for plaintiff. Without proper documentation, the court was not required to give plaintiff any additional time to effect service.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 17) is granted. The case is closed.

Dated this 13th day of November, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**